IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PACE IV, LLC                 §
      *Plaintiff*          §
v.                       §
                     §       CIVIL ACTION NO. 3:18-cv-82
                     §
DEPOSITORS INSURANCE COMPANY  §
      *Defendant*      §

## NOTICE OF REMOVAL

Defendant, Depositors Insurance Company ("Depositors" or "Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned Cause No. 86426; *Pace IV, LLC v. Depositors Insurance Company;* In the 160th Judicial District, Dallas County, Texas.

## I. INTRODUCTION

1.     This is a first-party insurance lawsuit involving a claim for alleged hailstorm damage to Plaintiff's business real property under a policy issued by Depositors. Plaintiff, dissatisfied with Depositors' investigation and payment of Plaintiff's claim, brought this lawsuit in the District Court for the 160th Judicial District, Dallas County, Texas on August 15, 2017.[1] Depositors appeared and answered on January 4, 2018.[2]

2.     Plaintiff and Depositors are wholly diverse. Moreover, Plaintiff has specifically pleaded an amount in controversy in excess of the statutory minimum for federal jurisdiction. Accordingly, Depositors files this Notice of Removal, duly removing the matter from Dallas County District Court to this Court.

---

[1]    *See* Exhibit A, Plaintiff's Original Petition with citation.

[2]    *See* Exhibit B, Depositors' Original Answer.

## II. <u>ARGUMENT AND AUTHORITIES</u>

3.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.      Diversity of Parties**

4.      Plaintiff's state court pleading alleges that Plaintiff is an individual residing in Collin County, Texas.[3]

5.      Plaintiff's pleading is incorrect when it states that Plaintiff is an individual. Information publicly available from the Texas Secretary of State's office confirms that Plaintiff is a Limited Liability Company,[4] as stated in the caption and title of Plaintiff's Original Petition.[5] On information and belief, all known members of Plaintiff are citizens of the state of Texas. Depositors has reviewed information available from the Texas Secretary of State's office, and the only identified member is managing member is Michael Pace, whose street address is in Plano, Texas.[6]   No other person is identified in publicly available records as a member of Plaintiff, and Depositors has no reason to believe that any member of Plaintiff shares its citizenship.  In addition, Plaintiff pleads that Plaintiff is a citizen of Texas,[7] and on information and belief Plaintiff is in fact a citizen of Texas for the purpose of diversity analysis.

---

[3]      *See* Exhibit A, Plaintiff's Original Petition with citation, at ¶ 2 of the pleading.  The caption of the Petition does not identify Plaintiff's business form.

[4]      Exhibit C, information obtained from the Texas Secretary of State's on-line presence.

[5]      Exhibit A, Plaintiff's Original Petition with citation, at ¶ 2 of the pleading.

[6]      *Id.*

[7]      *See* Exhibit A, Plaintiff's Original Petition

6.      Depositors is organized under the laws of Iowa and maintains its principal place of business in Iowa.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Depositors is a citizen of the State of Iowa for purposes of diversity analysis.

7.      Because Plaintiff is a citizen of Texas and Depositors is a citizen of Iowa, complete diversity exists with respect to the parties to this case.

**B.      Amount in Controversy**

8.      Plaintiff affirmatively pleads an entitlement to monetary relief in excess of the federal jurisdictional minimum.  Specifically, Plaintiff states that Plaintiff is entitled to relief in the range of $200,000 to $1,000,000.[8]

9.      Depositors expressly denies that Plaintiff is entitled to any of the damages sought by the petition.  However, the allegation made either by or on behalf of Plaintiff establishes that the amount in controversy requirement for federal diversity jurisdiction is satisfied.

**III.**
**CONCLUSION**

10.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

11.      Pursuant to 28 USC § 1446(a) and Local Rule 81, all a copy of all process, pleadings, and orders served upon Depositors in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

---

[8]      Exhibit A, Plaintiff's Original Petition with citation, at ¶ 60 of the pleading, in which Plaintiff makes an election from among the pre-chosen damages ranges set forth in Rule 47 of the Texas Rules of Civil Procedure.  In addition, at ¶ 1 of the Petition, Plaintiff states that Plaintiff seeks monetary relief of more than $100,000.

12.    Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Depositors will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 160th  Judicial District Court of Dallas County, Texas.

13.    Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Depositors of Plaintiff's Original Petition and less than one year after the commencement of this action.

14.    In accordance with the local rules of this Court, Depositors will file with this Notice of Removal a completed civil cover sheet and supplemental civil cover sheet, an index of documents being filed, and a certificate of interested persons.  A complete copy of the state court file has been requested and will be provided to this Court immediately upon receipt.

WHEREFORE, Defendant Depositors Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert R. Russell
Texas Bar No. 24056246
rrussell@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**DEPOSITORS INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that a true and correct copy of the foregoing instrument has been served via certified mail, return receipt requested this the 12th day of January, 2018 to:

James M. McClenny            *<u>9414 7266 9904 2061 9296 08</u>*
J. Zachary Moseley
Derek L. Fadner
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
james@mma-pllc.com
zach@mma-pllc.com
derek@mma-pllc.com

        */s/ Patrick M. Kemp*
        Patrick M. Kemp