# Exhibit A



**null / ALL**
**Transmittal Number: 17537713**
**Date Processed: 12/18/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Joshua Schonauer<br>Kevin Jones<br>Cassandra Struble |

| | |
|---|---|
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | Pace IV, LLC vs. Depositors Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, Texas |
| **Case/Reference No:** | DC-17-10005 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/18/2017 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | McClenny Moseley & Associates, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

FELICIA PITRE DISTRICT CLERK
DISTRICT CLERK
600 COMMERCE ST STE 145
DALLAS, TX 75202-4611



**9214 8901 0661 5400 0116 7493 56**

**RETURN RECEIPT (ELECTRONIC)**

**DC-17-10005/GDL**

BY SERVING CORPORATION SERVICE COMPANY
DEPOSITORS INSURANCE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

......................................................... CUT / FOLD HERE .........................................................

......................................................... 6"X9" ENVELOPE
CUT / FOLD HERE .........................................................

......................................................... CUT / FOLD HERE .........................................................

IMpbCertified8x5Label v1.2.4.0

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    **DEPOSITORS INSURANCE COMPANY**
**BY SERVING REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 E 7TH STREET STE 620**
**AUSTIN TX  78701**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **PACE IV, LLC**

Filed in said Court  **15th day of August, 2017** against

**DEPOSITORS INSURANCE COMPANY**

For Suit, said suit being numbered **DC-17-10005,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, REQUEST FOR PRODUCTION,** a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of December, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    GAY LANE

---

**CERT MAIL**

**CITATION**

**DC-17-10005**

**PACE IV, LLC**
**vs.**
**DEPOSITORS INSURANCE COMPANY**

ISSUED THIS
**13th day of December, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  GAY LANE, Deputy

---

**Attorney for Plaintiff**
HEATHER E. HALL
MCCLENNY MOSELEY & ASSOCIATES
PLLC
411 N SAM HOUSTON PARKWAY E
SUITE 200
HOUSTON TX  77060
713-334-6121

# OFFICER'S RETURN

Case No. : DC-17-10005

Court No.160th District Court

Style: PACE IV, LLC

vs.

DEPOSITORS INSURANCE COMPANY

Came to hand on the 13TH day of DECEMBER, 2017, at 3:02o'clock P..M. Executed at 211 E 7TH ST STE 620, within the County of _____ at

_____ o'clock _____ .M. on the _____day of _____, 20_____, by delivering to the within named

_____BY SERVING ITS  REGISTERED AGENT CORPORATION SERVICE COMPANY_ BY US  CERTIFIED MAIL RETURN RECEIPT RECEIVED AND SIGNED

BY_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $_76.00 | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____ | Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20___,

to certify which witness my hand and seal of office.

**9214 8901 0661 5400 0116 7493 56**

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
8/15/2017 10:29 AM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

CAUSE NO. DC-17-10005

| | | |
|---|---|---|
| **PACE IV, LLC** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| | § | |
| **DEPOSITORS INSURANCE COMPANY** | § | |
| *Defendant* | § | **_____ JUDICIAL DISTRICT** |
| | § | |

## PLAINTIFF PACE IV, LLC'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Pace IV, LLC, (hereinafter referred to as "Plaintiff"), complaining of Depositors Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Depositors Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of service,

---

*Plaintiff Pace IV, LLC's Original Petition*                                                Page | 1

Corporation Service Company, located at the following address: 211 E 7th St Ste 620, Austin TX 78701

-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

    jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Depositors Insurance Company because Defendant is a foreign

    insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes

    of action arise out of Defendant's business activities in the State of Texas.  Specifically, Depositors

    Insurance Company sought out and marketed for insurance in Texas and has "purposefully availed" itself

    of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653,

    660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX.

    CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Depositors Insurance Company, (hereinafter referred to as

    "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

    is located at 400 N. Central Expressway, Richardson, Texas 75080.

9.  Defendant Depositors Insurance Company and/or its agent sold the Policy insuring the Property to

    Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about March 23, 2016, Plaintiff experienced a severe weather related event which caused substantial damage to the Property and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Depositors Insurance Company. Plaintiff subsequently opened a claim on March 23, 2016 and Defendant Depositors Insurance Company assigned an adjuster to adjust the claim.

12. Thereafter, Defendant Depositors Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

13. Defendant made numerous errors in estimating the value of Plaintiff's claim, as exhibited by its assigned adjuster's method of investigation and estimation of Plaintiff's loss, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Defendant's assigned adjuster failed to fully quantify Plaintiff's covered losses, thus demonstrating that Defendant's assigned adjuster did not conduct a thorough investigation of Plaintiff's claim and/or intentionally adjusted Plaintiff's claim improperly.

14. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition. These necessary items are covered and required under the

International Building Code and/or International Residential Code, as adopted by the State of Texas in 2001.

15. In addition, the Occupational Safety and Health Administration ("OSHA") dictates, when working on buildings with "unprotected sides and edges" that "each employee on a walking/working surface (horizontal and vertical surface) with an unprotected side or edge which is 6 feet (1.8m) or more above a lower level *SHALL* be protected from falling by the use of guardrail systems, safety net systems, or personal fall arrest systems." Occupational Safety and Health Act of 1970 § 1926.501(b)(1) (emphasis added). This protection was intentionally not included or reflected within the scope of work provided by Defendant for Plaintiff's damages to the Property as an attempt to further deny Plaintiff benefits owed under the Policy.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant's assigned adjuster acted as an authorized agent of Defendant Depositors Insurance Company. Defendant's assigned adjuster acted within the course and scope of their authority as authorized by Defendant Depositors Insurance Company. Plaintiff relied on Defendant and Defendant's assigned adjuster to properly adjust the claim regarding the Property and to be issued payment to fix such damage, which did not happen and has not been rectified to date.

18. Defendant Depositors Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full

proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

19. Defendant and/or Defendant's assigned agent sold the Policy to Plaintiff, making various statements and representations to Plaintiff that the Property would be covered. Relying on the promises and representations made by Defendant and/or Defendant's assigned agent, Plaintiff filed a claim under the Policy with the belief that the Property would be covered after a severe weather event such as the one that damaged the Property.

20. All conditions precedent to recovery under the Policy had, and have, been carried out and accomplished by Plaintiff.

21. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## AGENCY

22. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23. All acts by Defendant Depositors Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Depositors Insurance Company and/or were completed in its normal and routine course and scope of employment.

24. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

25. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## NEGLIGENCE

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Plaintiff entrusted Defendant to properly adjust Plaintiff's insurance claim for the Property damage. Defendant did not properly adjust the claim and misinformed Plaintiff of the severity of the Property damage. Defendant had and owed a duty to ensure that the Property damage was properly adjusted. Nevertheless, Defendant failed to ensure that Plaintiff's damage was properly adjusted. This failure is a clear breach of Defendant's duty, and as a result, Plaintiff suffered significant injuries.

28. Defendant Depositors Insurance Company and its assigned adjuster had and owed a legal duty to Plaintiff to properly adjust all losses associated with the Property. Defendant, individually and through its assigned adjuster, breached this duty in a number of ways, including, but not limited to, the following:

    A.   Defendant, individually and through its assigned adjuster, was to exercise due care in adjusting and paying policy proceeds regarding the Property;

    B.   Defendant, individually and through its assigned adjuster, had a duty to competently and completely handle and pay all covered losses associated with the Property;

    C.   Defendant, individually and through its assigned adjuster, failed to properly complete all adjusting activities associated with Plaintiff's damages; and,

    D.   Defendant's acts, omissions, and/or breaches, individually and through its assigned adjuster, did great damage to Plaintiff, and were a proximate cause of Plaintiff's damages.

## **BREACH OF CONTRACT**

29. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

30. Defendant Depositors Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Depositors Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Depositors Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

31. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant

Depositors Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.  As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

32. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law (TEX. BUS. & COM. CODE § 17.46(b)(12));

    B.  Misrepresenting the authority of a salesman, representative, or agent to negotiate the final terms of a consumer transaction (§ 17.46(b)(14));

    C.  Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had such information been disclosed (§ 17.46(b)(24));

D. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

E. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

F. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

G. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

34. As described in this Original Petition, Defendant Depositors Insurance Company represented to Plaintiff that its Policy and Depositors Insurance Company's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover proceeds. TEX. BUS. & COM. CODE § 17.46(b)(5).

35. As described in this Original Petition, Defendant Depositors Insurance Company represented to Plaintiff that its Policy and Depositors Insurance Company's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of § 17.46 (b)(7).

36. By Defendant Depositors Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

37. Defendant Depositors Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy.  This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

38. Defendant Depositors Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

39. Defendant Depositors Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

40. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Depositors Insurance Company, to its detriment.  As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues.  All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

41. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

42. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on

its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's

fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself

to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

43. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing

paragraphs.

44. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX.

INS. CODE"), Chapters 541 and 542, including but not limited to:

    A.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage

        at issue (TEX. INS. CODE § 541.060(a)(1));

    B.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of

        a claim with respect to which the insurer's liability has become reasonably clear (§

        541.060(a)(2)(A));

    C.  Failing to promptly provide to a policyholder a reasonable explanation of the basis in the

        policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for

        the offer of a compromise settlement of a claim (§ 541.060(a)(3));

    D.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and

        failing within a reasonable time to submit a reservation of rights letter to Plaintiff (§

        541.060(a)(4));

E.  Refusing, failing, or unreasonably delaying a settlement offer on the basis that other coverage is available (§ 541.060 (a)(5));

F.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

G.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

H.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code (§ 541.061(5));

I.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

J.  Failing to acknowledge receipt of the claim, commence any investigation of the claim, and request from the claimant all items, statements, and forms the insurer reasonably believes at that time will be required from the claimant no later than the 15th day after the receipt of notice of the claim (§ 542.055);

K.  Failing to notify the claimant in writing of the acceptance or rejection of a claim no later than the 15th business day after the insurer receives all items, statements, and forms required by the insurer to secure a final proof of loss (§ 542.056(a));

L.  Failing to state the reasons for rejection (§ 542.056(c));

    M.  Failing to notify the claimant of the reasons that the insurer needs 45 days in additional time to accept or reject the claim (§ 542.056(d));

    N.  Failing to pay a claim not later than the 5th business day after the date of notice of acceptance was made (§ 542.057); and/or

    O.  Failing to pay a valid claim after receiving all reasonably requested and required items from the insured. (§ 542.058(a)).

45. By its acts, omissions, failures and conduct, Defendant Depositors Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Depositors Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

46. Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Depositors Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

47. Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Depositors Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual damages, for

Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. §

541.152.

48. As a result of Defendant Depositors Insurance Company's unfair and deceptive actions and conduct,

Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue

these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and

necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE

§ 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in

equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

49. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

50. From and after the time Plaintiff's claim was presented to Defendant Depositors Insurance Company, the

liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than

reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis

whatsoever on which a reasonable insurance company would have relied on to deny full payment.

Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles*

*v. Security National Ins. Co.,* 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its

insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a

thorough investigation shows that there is a reasonable basis to deny that claim).

51. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory

damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages

for emotional distress.

## KNOWLEDGE

52. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as

the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages

described herein.

## DAMAGES

53. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the

producing causes of the damages sustained by Plaintiff.

54. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount

of Plaintiff's claim, together with attorney's fees.

55. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to

actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy,

court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three

times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

56. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the

amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together

with attorney's fees. § 542.060.

57. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory

damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs,

economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

58. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

60. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

## ADDITIONAL DAMAGES & PENALTIES

61. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

62. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## COMPEL MEDIATION

63. Pursuant to TEX. INS. CODE § 541.161 and TEX. BUS. & COM. CODE § 17.5051, Plaintiff requests

that Defendant be made to mediate no later than the 30th day of the signed order, following the 90th day

after the date for which this pleading for relief is served upon Defendant.

## JURY DEMAND

64. Plaintiff demands a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the

appropriate fee with this Original Petition.

## DISCOVERY

65. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant

respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## l. REQUESTS FOR DISCLOSURE

1.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Depositors Insurance

    Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through

    (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1.  Please produce Depositors Insurance Company's complete claim files from the home, regional and

    local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including

    copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the

    premises relating to or arising out of Plaintiff's underlying claim.

2.  Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3.  Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4.  Please produce the electronic diary, including the electronic and paper notes made by Depositors Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5.  Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6.  Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7.  Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8.  Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9.  Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Depositors Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Depositors Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Depositors Insurance Company and its assigned adjuster, and all correspondence between Depositors Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Depositors Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Depositors Insurance Company or Depositors Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Depositors Insurance Company or any of Depositors Insurance

Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Depositors Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

    a.    The date and manner in which Depositors Insurance Company received notice of the claim;

    b.    The date and manner in which Depositors Insurance Company acknowledged receipt of the claim;

    c.    The date and manner in which Depositors Insurance Company commenced investigation of the claim;

    d.    The date and manner in which Depositors Insurance Company requested from the claimant all items, statements, and forms that Depositors Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

    e.    The date and manner in which Depositors Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Depositors Insurance Company anticipated litigation?

9.  Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Depositors Insurance Company's document retention policy.

10. Does Depositors Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

11. Does Depositors Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Depositors Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Depositors Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

66. Plaintiff prays that judgment be entered against Defendant Depositors Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for

all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original

Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it

is due as a result of the acts of Defendant Depositors Insurance Company, and for all such other relief to which

Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble damages under

the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all costs of Court on

its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and

further relief, either at law or in equity, to which Plaintiff may show the itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*/s/ Derek L. Fadner*
MCCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Derek L. Fadner
State Bar No. 24100081
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
Principal Office No. 713-334-6121
Facsimile: 713-322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Derek@mma-pllc.com
ATTORNEYS FOR PLAINTIFF



CERTIFIED MAIL

SHOW TO WH'
DELIVERED
Addressee'
Address

Deliver to
Addressee
ONLY

US POSTAGE >> PITNEY BOWES

ZIP 75202   $ 011.36°
02 4W
0000325811 DEC 14 2017